13  315
127a 562

JAMES A. R. HAY, RESPONDENT, *v.* JOHN HAY, APPELLANT.

*Setting aside of contract for fraud — offer to restore what was received under the contract — when necessary to be made in the complaint — Joinder of causes of action.*

Where an action is brought to set aside a contract, on the ground that the plaintiff was induced to enter into it through the fraud of the defendant, it is not necessary that the complaint should contain an offer to restore what has been received under it.

It is only when relief against an illegal contract is sought, and a statute requires that an offer to do equity must be made, that such an offer is necessary.

A joinder in one complaint of a cause of action, arising from duress and restraint exercised over plaintiff's ancestor in inducing him to execute a will, and of a cause of action arising from false representations made to plaintiff, by reason of which plaintiff waived all objections to the probate of such will, is proper.

APPEAL from an order made at the Special Term, overruling a demurrer to the complaint.

*Samuel B. Higenbotam,* for the appellant.

*C. F. Wells,* for the respondent.

GILBERT, J. :

This is an appeal from an order of Mr. Justice BARNARD, at Special Term, overruling a demurrer to the complaint. The complaint alleges in brief, that the plaintiff is the son and sole heir and next of kin of James Hay, deceased. That while said James Hay was insane and under the duress and restraint of the defendant, on the 24th of September, 1869, the latter extorted from him an agreement in writing, and on the same day, with fraudulent intent and unlawful coercion, induced him to execute a will, wherein defendant is named sole legatee and executor. That on December 31, 1870, the defendant was appointed by this court, committee of the person and estate of said James Hay, who had been adjudged a lunatic.

That after the death of James Hay, the defendant concealing from the plaintiff, who had until then resided in Scotland, all facts relating to the mental condition and restraint of James Hay, by false representations induced the plaintiff to enter into an agreement with him, by which plaintiff waived all objections to the probate of

the will, and the defendant qualified, and has ever since continued to act as executor thereof. That thereafter, April 22, 1873, the defendant, by like concealment and false and fraudulent representations as to plaintiff's interest in his ·father's estate, obtained from the plaintiff a general release, individually and as executor, and the prayer of the.complaint is that these four instruments be adjudged to be void.

The defendant demurs on two grounds: First, misjoinder of several causes of action, in·uniting in one complaint the two frauds perpetrated upon the father with the two which were subsequently practiced upon the son; second, that the complaint does not state facts sufficient to constitute a cause of action.

A plaintiff who seeks equity, must do equity. Therefore, if he asks the court to decree a rescission of his contract with a defendant for the fraud of the latter, the court will not grant him the relief, unless he restores whatever he has received from the latter, and which rightfully belongs to him. That condition will be imposed whether there be an offer to restore ·in the complaint or not. It is, however, a condition of granting relief, not of instituting a suit. It is only when relief against an illegal contract is sought, and a statute requires that an offer to do equity must be made in the complaint, that such an offer is necessary.

We think, therefore, that an offer to restore is not a necessary ingredient of the cause of action, and that a demurrer will not lie for the omission to insert such an offer in the complaint.

The joinder of the several causes of action in this case would not have rendered a bill multifarious according to the practice of courts of equity before the Code (Story Eq. Pl. [7th ed.], §§ 531 to 534, 539), and the Code is still more comprehensive. It authorizes such joinder when the several causes of action arise out of the same transaction or transactions connected with the same subject of action. The subject of this action is the disherison of the plaintiff, and each cause of action is directly connected therewith. (*N. Y. and N. H. R. R. Co.* v. *Schuyler*, 17 N. Y., 604.)

The order must be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order overruled, demurrer affirmed, with costs.